2005032200600 Bk:24086 Pg:195
03/22/2005 15:11:00 MTG Pg 1/4

## MORTGAGE

THIS MORTGAGE is made this __14th__ day of __March 2005__, 19___, between __Cary Maldonado__, presently residing at __114 Essex Street, Lynn, MA 01902__ (herein "Mortgagor(s)", and the Clerk of the United States District Court for the District of Massachusetts, John W. McCormack Post Office & Courthouse Building, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for $__50,000.00__ (herein "Defendant"), in Criminal No. _____, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of __Fifty Thousand__ ($__50,000.00__) Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated __March 1, 2005__, 19___, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of __Essex__, Commonwealth of Massachusetts, and more particularly described in the following deed: *See Attached Exhibit A*

A deed from __Cary Maldonado__ to __United States of America__ dated __March 14, 2005__, 19___, and recorded in the _____ County Registry of Deeds at Book _____, Page _____;

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, minerals, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

(mortgage.frm - 12/94)

*[handwritten margin notes: "$175.-" ; "Please return to: U.S. District Court, Clerks Office, Moakely Bldg, Boston, MA"]*

-2-

1. That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

(mortgage.frm - 12/94)

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagor(s).

_____    _____

_____    _____


_____
COMMONWEALTH OF MASSACHUSETTS


SUFFOLK, SS                                March 14, 2005            , 19___

Then personally appeared ____Cary Maldonado_____
and acknowledged the foregoing to be ___her___ free act and deed
before me.

_____
NOTARY PUBLIC

My Commission Expires: _____

Jon R. Garlinghouse, Notary Public
Commonwealth of Massachusetts
My Commission Expires 5/14/2010

(mortgage.frm - 12/94)

### EXHIBIT A
### LEGAL DESCRIPTION FOR MORTGAGE/DEED
### PROPERTY LOCATED ON ESSEX STREET LYNN

THE LAND WITH THE BUILDINGS THEREON IN LYNN MASS
BOUNDED AND DESCRIBED AS FOLLOWS:

| | |
|---|---|
| NORTHWESTERLY | BY ESSEX STREET, 50 FEET; |
| NORTHEASTERLY | BY LAND NOW OR FORMERLY OF JACKSON, ET AL 103 FEET; |
| SOUTHEASTERLY | BY LAND NOW OR FORMERLY OF WIGGIN, 50 FEET; |
| SOUTHWESTERLY | BY LAND NOW OR FORMERLY OF GETCHELL, 101 FEET. |

BEING LOT 6 ON PLAN OF THIS AND OTHER LOTS DRAWN BY JACOB PURINTON.

X:\TORRES.EXA.M