UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | CRIMINAL NO.: 05-10120-NG |
| ) | |
| Yohan A. Germosen ) | |

**SECOND SUPPLEMENT TO DEFENDANT YOHAN GERMOSEN'S
SENTENCING MEMORANDUM IN SUPPORT OF
DOWNWARD DEPARTURE OR OFFENSE-LEVEL ADJUSTMENT**

In addition to the factors, reasons, and considerations posited in *Defendant Yohan Germosen's Sentencing Memorandum In Support of Downward Departure Or Offense-Level Adjustment,* as previously filed in this Honorable Court, the Defendant Yohan Germosen ("Germosen") cites an additional factor which he avers warrants downward departure and/or offense-level adjustment beyond that which is sought by the government.

4. **THE CONDUCT PREMSING THE ISSUANCE OF THE INSTANT COMPLAINT IS TRULY A DEVIATION FROM DEFENDANT GERMOSEN'S OTHERWISE LAW ABIDING LIFE.**

Defendant Germosen submits that he committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and, (3) represents a marked deviastion by Defendant Germosen from his otherwise law-abiding life. *See,* United States Sentencing Guidelines ("USSG") § 5K2.20.

Defendant Germosen has no prior criminal history. Prior to admitting guilt to each offense in the instant Complaint, Defendant Germosen was never previously convicted of a crime. Nor, has he ever been previously charged with a crime. The fact of the matter is that Defendant Germosen has never been arrested prior to

his arrest in the instant case. This is his first and, hopefully, only, experience in the criminal justice system. He is not a criminal but, instead, a law abiding citizen who has suffered, and continues to suffer, from a terrible lapse in judgment. It can be said that, based on his past record and particular circumstances in this case, Defendant Germosen is unlikely to recidivate. United States v. Nellum, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (post-Booker case, court departed downward there where, *inter alia*, defendant unlikely to recidivate).

Defendant Germosen legally entered the United States from the Dominican Republic. He took requisite steps to legally obtain his citizenship. He pursued and successfully completed his secondary education, and has already begun his pursuit for a post-secondary education, having been admitted into North Shore Community College, in Massachusetts. Defendant Germosen has demonstrated, and continues to demonstrate, a willingness to be a productive member of his community. Aside from having attained his high school diploma, he has worked for community-based organizations and programs in the Boston, Massachusetts, area. Along with his mother, he has ventured into private business having opened a small family-owned business in Lynn, Massachusetts. And, he continues to raise his own children.

In considering an issue of first impression, the First Circuit held that to determine whether an offense constitutes a single act of aberrant behavior, the court should review the totality of the circumstances. United States v. Grandmaison, 77 F. 3d 555 (1st Cir. 1996). In assessing the viability of a downward departure, the Court should make its determination . . . on many enumerated factors, including long-time employement, lack of abuse or prior distribution of controlled substances and economic support of family and/or employees as factors indicating an aberration. United States v. Pena, 930 F. 2d 1486 (19th Cir. 1991). The Court went on to hold that status as a first-offender, like Defendant Germosen, may be considered, and "single acts of aberrant

2

behavior" can include conduct including multiple criminal acts. *Id*. The "youthful ignorance" which gave rise to the instant matter, as well as the fact that nothing in his criminal history, or historical background suggests any nexus between the offenses for which he stands before this Honorable Court, andhis "typical" professional and domestic life "screams" at this being aberrant behavior for which he requests a downward departure.

Defendant Germosen neither uses drugs and sells drugs. He will occasionally consume an alcoholic beverage, yet, more often than not, he abstains from alcohol consumption. And, when he does, which is a rarity, he drinks in moderation. Defendant Germosen is not dangerous to himself or others. Incarceration would be detrimental to his rehabilitative efforts to get his life on track, once again.

Defendant Germosen has plead guilty to a so-called "serious drug trafficking offense" as defined in the *Commentary* of U.S.S.G. §5K2.20. By its' provisions, the United States Sentencing Guidelines expressly prohibit "aberrant behavior" as a consideration from which a court may depart downward if "the instant offense of conviction is a serious drug trafficking offense." However, Defendant Germosen submits that United States v. Booker, 543 U.S. 220 (2005), has generated a major reassessment of sentencing practices throughout the federal judicial system. A majority of the Supreme Court held that certain judicial fact finding under the mandatory guideline system instituted by the Sentencing Reform Act in 1987 violated the Sixth Amendment to the United States Constitution; a different majority held that appropriate remedy for that constitutional violation was to sever and excise 18 U.S.C. §3553(b)(1) and 18 U.S.C. § 3742 thereby making the guidelines "effectively advisory." Booker at 245.[1]

---

[1] Some of the text on pages 3 thru 5 of this Memorandum was taken from Brief Amicus Curiae of Federal Public Defenders For the Districts of Massachusetts, New Hampshire and Rhode Island, the District of Puerto Rico and the District of Maine Addressing Questions in Court Order of January 25, 2006.

3

Additionally, pursuant to 18 U.S.C. §3553(a), "The court shall impose a serntence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." (emphasis added). Those purposes are:

> "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

U.S.S.G. §3553 (a)(2).

The District Court is charged with imposing a sentence in accordance with the statute's "sufficient but not greater that necessary" instruction. In arriving at the statutorily required sentence, the District Court should afford the weight it deems appropriate under the facts and circumstances of the particular case to each of the factors it must consider including, but not limited to, aberrant behavior, regardless of statutory prohibitions which directly conflict with the underlying policy of the statute, itself. See, United States v. Cunningham, 429 F. 3d 673 (7th Cir. 2005).

Where, as here, aberrant behavior has significant factual merit that ought to be considered by this Court.

Defendant Germosen submits that the while the purposes of sentencing were intended to play a central role both in a district court's sentencing and in the Sentencing Commission's formulation of guidelines, the Commission never articulated a philosophy of sentencing prioritizing the purposes of sentencing because the initial Commissioners could not agree on one. U.S.S.C., Fifteen Years of Guideline Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform (November

4

2004), p. 14. In the absence of a sentencing philosophy there can be no assurance that all the purposes of sentencing and appropriate weight of those purposes played a central roll in the Commission's formulation of the guidelines.

The absence of a philosophy has also perhaps contributed to the tensions between the guidelines and the process now required under 18 U.S.C. § 3553(a). The Guidelines create and foster unwarranted disparity in some areas, particularly in drug-sentencing. For instance, why do the guidelines prohibit "aberrant behavior" to be used as a factor? What are the policy reasons for such a prohibition? Drug sentencing has produced troubling results due to the guidelines, and creates an unwarranted disparity and inappropriate uniformity.

Defendant Germosen respectfully requests that this Court give appropriate weight to the "aberrant behavior" despite any prohibition in the Sentencing Guidelines, which are "effectively advisory" and, to achieve the purposes of sentencing set out in §3553 (a)(2), give proper weight and due deference to U.S.S.G. §3553 (a).

FOR THE DEFENDANT,
YOHAN A. GERMOSEN

By his attorney:

John H. Molloy, BBO # 600778
Sean F. Donahue, BBO # 558058
385 Broadway, Suite 402
Revere, MA   02151

CERTIFICATE OF SERVICE

I certify that on this date, I served the foregoing documents by electronic mailing upon AUSA Lisa Asiaf and by facsimile transmission to Probation Officer Denise Rivera.