## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.:  05-10120-NG |
| | ) | |
| Yohan A. Germosen | ) | |

## MOTION TO REMOVE OR VOID BOND SECURED BY PROPERTY

Now comes the Defendant Yohan A. Germosen and moves this Honorable Court to remove or void the fifty thousand dollar ($50,000) bond secured by real property, as a condition of pretrial release.

As grounds therefore, the Defendant states that:

1. On March 10, 2005, the Defendant initially appeared before this Honorable Court in the above-captioned matter to answer in the instant Complaint;

2. The Defendant was ordered detained pending a detention hearing set for March 14, 2005;

3. On March 14, 2005, the Defendant appeared before Magistrate Judge Collins to address the issue of detention;

4. The Court ordered the Defendant released and imposed specific conditions of release;

5. As a condition of pretrial release, the Court ordered, in part, that the Defendant post an *Appearance Bond* in the sum of fifty thousand dollars ($50,000) bond secured by property (A true copy of an *Appearance Bond* is attached hereto and incorporated herein as Exhibit 1);

6. On that same date, Cary Maldonado, who is the mother of the said Defendant, mortgaged property located at 114 Essex Street, in Lynn, Massachusetts, in the sum of fifty thousand dollars ($50,000) in favor of the United States of America in the form of an *Appearance Bond* to secure the Defendant's pretrial release  property (A true copy of a *Mortgage* and *Quitclaim Deed* is attached hereto and incorporated herein as Exhibit 2 and Exhibit 3, respectively);

7. On or about November 7, 2005, the Defendant pled guilty to each count of the Complaint, and Sentencing was continued to a later date;

8.   The Court imposed Sentence on June 30, 2006; and

9.   Throughout the pendency of this case, the Defendant appeared before this Court as ordered
     or notified and otherwise obeyed and performed all pretrial conditions of release.

   For all of the foregoing reasons, the Defendant Yohan A. Germosen respectfully requests
that this Court *allow* this motion.

                                        FOR THE DEFENDANT,
                                        YOHAN A. GERMOSEN

                                        By his attorneys:


                                        _____
                                        John H. Molloy, BBO # 600778
                                        Sean F. Donahue, BBO # 558058
                                        385 Broadway, Suite 402
                                        Revere, MA    02151




                      CERTIFICATE OF SERVICE

   I certify that on this date, I served the foregoing documents by electronic mailing upon AUSA Lisa Asiaf.


                              _____
                              John H. Molloy

2

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT

District of      **MASSACHUSETTS**

UNITED STATES OF AMERICA
V.

### APPEARANCE BOND

_Yohan Germosen_
_____
Defendant

Case Number: **2005-M-0413-RBC**

Non-surety: I, the undersigned defendant acknowledge that I and my . . .
Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ _50,000.00_____ , and there has been deposited in the Registry of the Court the sum of
$ _____ in cash or _Real Estate at 114 Essex St. Lynn, MA_ (describe other security.)

The conditions of this bond are that the defendant _Yohan Germosen_____
                                                            (Name)
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any
and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a
condition of defendant's release as may be ordered or notified by this court or any other United States District Court to
which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered
in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such
judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall
continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this
bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the
amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any
United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is
forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States
District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and
execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws
of the United States.

This bond is signed on _3/14/05_____ a _U.S.D.C. Boston, MA_____
                                 Date                               Place

Defendant _____ Address _114 Essex st. Lynn MA_

Surety _____ Address _114 Essex st #2_

Surety _____ Address _Lynn Ma. 01902_

Signed and acknowledged before me _3/14/05_____
                                         Date

                                       _Noreen A. Russo_____
                                                  Judge/Clerk

Approved _____

### MORTGAGE

THIS MORTGAGE is made this __14th__ day of __March__ __2005__ ,
**19**___ , between __Cary Maldonado__ ,
presently residing at __114 Essex Street, Lynn, MA 01902__
(herein "Mortgagor(s)"), and the Clerk of the United States
District Court for the District of Massachusetts, John W.
McCormack Post Office & Courthouse Building, Boston,
Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond
of even date for __$50,000.00__ (herein
"Defendant"), in Criminal No. _____ , before the United
States District Court for the District of Massachusetts (herein
"Court"), in the amount of __Fifty Thousand__
($__50,000.00__ ) Dollars executed by the Defendant and the
Mortgagor(s) in favor of the United States of America, and to
secure due observance and performance of the obligation, terms,
and conditions as set forth in an Order Setting Conditions of
Release dated __March 14, 2005__ , 19 ___ , and filed with the
Court, and to further secure the performance of all other
covenants and agreements of or by the Defendant and Mortgagor(s)
herein for the benefit of the Mortgagee, which may now exist or
may hereafter exist or accrue while this Mortgage is still
undischarged of record, and in furtherance of and pursuant to an
escrow agreement made this day between the Mortgagor(s), the
United States Attorney for the District of Massachusetts and the
Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale,
the following parcel of real property, with the following
covenants thereon, situate, lying and being in the County of
__Essex__ , Commonwealth of Massachusetts,
and more particularly described in the following deed:

> A deed from __Cary Maldonado__
> to __United States of America__
> dated __March 14, 2005__ , 19___ , and recorded in the
> _____ County Registry of Deeds at
> Book _____ , Page _____ ;

TOGETHER with all the improvements now or hereafter erected on
the property, and all easements, rights, appurtenances, rents
royalties, mineral, oil and gas rights and profits, water, water
rights, and water stock, and all fixtures now or hereafter
attached to the property, all of which, including replacements
and additions thereto, shall be deemed to be and remain a part of
the property covered by this Mortgage; and all of the foregoing,
together with said property are hereinafter referred to as the
"Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

**(mortgage.frm - 12/94)**

-2-

1.  That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2.  That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3.  That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4.  That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5.  That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6.  That notice and demand or request may be made in writing and may be served in person or by mail.

7.  That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8.  That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

(mortgage.frm - 12/94)

-3-

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagor(s).

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                              March 14, 2005    , 19____

Then personally appeared _____ Cary Maldonado _____ and acknowledged the foregoing to be __ her __ free act and deed before me.

NOTARY PUBLIC

My Commission Expires: _____

Jon R. Garlinghouse, Notary Public
Commonwealth of Massachusetts
My Commission Expires 5/14/2010
(mortgage.frm - 12/94)

**EXHIBIT 3**

2002041201025 Bk:18585 Pg:216
04/12/2002 15:51:00 DEED Pg 1/1

## QUITCLAIM DEED

𝕶𝖓𝖔𝖜 𝕬𝖑𝖑 𝕸𝖊𝖓 𝕭𝖞 𝕿𝖍𝖊𝖘𝖊 𝕻𝖗𝖊𝖘𝖊𝖓𝖙𝖘 that I, **Miguelina A. Valdez**, individually, of 13 Lander Avenue, Lynn, Essex County, Massachusetts, for consideration paid and in full consideration of Two Hundred Eighty-Nine Thousand Nine Hundred Dollars ($289,900.00), grant to **Cary Maldonado**, individually, of Lynn, Essex County, Massachusetts, with quitclaim covenants:

The land with the buildings thereon, in Lynn, Essex County, Massachusetts being bounded and described as follows:

| | |
|---|---|
| Northerly | by Lander Avenue, forty (40) feet; |
| Westerly | by land of Dennis and Hyde, seventy-two and 25/100 (72.25) feet; |
| Southerly | by land now or late of Martin, fifty-two (52) feet more or less; and |
| Easterly | by land now or late of Estes, sixty-nine and 50/100 (69.50) feet. |

This being same premises conveyed to Miguelina A. Valdez by deed dated November 28, 2001 and recorded November 30, 2001 with the Essex South District Registry of Deeds in Book 17961, Page 347.

𝖂𝖎𝖙𝖓𝖊𝖘𝖘 my hand and seal this 12ᵗʰ day of April 2002.

_Miguelina A. Valdez_
Miguelina A. Valdez

SALEM
DEEDS REG. 90
ESSEX SOUTH

04/12/02  3:50PM    01
000000 #0553

FEE          $1322.40

CASH    $1322.40

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                        April ___, 2002

Then personally appeared the above-named Miguelina A. Valdez, and acknowledged the foregoing instrument to be their free act and deed, before me.

Notary Public
Print Name:              Jon R. Garlinghouse
My commission expires    NOTARY PUBLIC
                         My commission expires May 15, 2003

LAW OFFICE OF
JON R. GARLINGHOUSE
379 SALEM ST.
MEDFORD, MA  02155
JON

MEDF